CONERY, J.,
concurs in part, dissents in part, and assigns reasons.
hi concur with the majority’s decision to affirm the trial court’s judgment as to general damages and lost wages. However, I respectfully dissent from its decision to affirm the trial court’s grant of penalties *755 and attorney fees and to award additional attorney fees for work done on appeal.
As the majority correctly states, this court has previously held, “Determining whether an insurer’s refusal to settle a claim prior to going to trial was arbitrary and capricious is highly fact specific. For this reason, the findings of the trial court should not be overturned on appeal absent clear error.” Robin v. Allstate Ins. Co., 03-1009, p. 8 (La.App. 3 Cir. 3/24/04), 870 So.2d 402, 409, writ denied, 04-1383 (La.9/24/04), 882 So.2d 1143. While great deference is afforded to the trial court because of the highly fact specific nature of the issue, the specific facts of this case do not warrant a grant of penalties and attorney fees. The trial judge was clearly wrong and the judgment on this particular issue should be reversed.
In the present case, a review of the record demonstrates that prior to trial, Safeway was not presented with sufficient facts to justify a further payment. The trial court relied on Exhibit “1” which provided that the plaintiff had been under Dr. Picou’s care from 3/16/12 to 6/5/12 and could return to school/work on 6/5/12. |2The trial court determined that the “facts” contained in Exhibit “1” demonstrated notice adequate to provide satisfactory proof of loss. However, Exhibit “1” is not fact specific and does not set forth proof of what the plaintiffs actual damages were and the extent of those damages. Thus, the plaintiff did not adequately establish satisfactory proof of loss at the time the claim was first presented and reviewed by Safeway. The plaintiffs own treating physician, Dr. Picou, testified that the only objective finding at the plaintiffs first visit was that the plaintiff had some muscle tightness. In addition, the plaintiff discontinued physical therapy on her own, had no permanent injuries or disability, had been pain free since she completed therapy on May 5, 2012, did not miss any events or give up any hobbies, and had no problems once she returned to work.
“Whether or not a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action.” Reed v. State Farm Mut. Auto. Ins. Co., 03-0107, p. 14 (La.10/21/03), 857 So.2d 1012, 1021. Our supreme court further stated in Reed, “Especially when there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer’s failure to pay within the statutory time limits when such reasonable doubts exist.” Id. Bad faith cannot be inferred from the facts known to Safeway at the time proof of loss was submitted due to the reasonable and legitimate questions as to the nature and extent of the plaintiffs damages. The trial court was clearly wrong in awarding penalties and attorney fees based on its conclusion that Safeway was in bad faith. Reed, 857 So.2d 1012. I would reverse the award of penalties and attorney fees and, consequently, deny an award for additional attorney fees for work done on appeal.